## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKULLCANDY, INC., | Case No: |
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT UNFAIR COMPETITION |
| vs. | TRADEMARK DILUTION |
| RUBBER ROAD LTD, | JURY DEMAND |
| Defendant. | |

Plaintiff, Skullcandy, Inc. ("Skullcandy" or "Plaintiff"), for its Complaint against Defendant, Rubber Road Ltd. ("Defendant"), allege and state as follows:

### Nature of the Case

1.      Headquartered in Utah for over 17 years, Skullcandy is a leading designer, manufacturer, and provider of audio and gaming products, which Skullcandy offers for sale and markets under the SKULLCANDY mark, various SKULL-formative marks, and Skull Design marks.

2.      Defendant directly competes against Skullcandy in the manufacture, distribution, promotion and sale of audio and gaming products, and is offering those products under the NUMSKULL and Skull Design mark, which is confusingly similar with Skullcandy's marks.

3.      As detailed below, Defendant's conduct constitutes unfair competition, infringement, and dilution of Skullcandy's intellectual property rights. This improper conduct is done knowingly and intentionally, and is designed to trade on the reputation that Skullcandy has developed through years of successful promotion and sales of its superior products under its foregoing intellectual property rights.

1

4.     Skullcandy has been, and is likely to continue to be, injured by Defendant's misconduct, and will suffer irreparable harm unless and until Defendant is enjoined from its unauthorized and infringing uses in connection with Defendant's audio and gaming products in the United States.

## The Parties

5.     Skullcandy is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 6301 N. Landmark Drive, Park City, Utah 84098.

6.     Rubber Road Ltd. is a United Kingdom limited company with an address of Attimore Barn, Ridgeway, Welwyn Garden City, Hertfordshire AL7 2AD.

7.     Upon investigation and on information and belief, Defendant, through its agents, representatives, or affiliates, has done, and is doing, business in the District of Utah, and has engaged in acts and/or omissions within this district, causing injury to Skullcandy.

## Jurisdiction and Venue

8.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a)-(b), and 1367.

9.     This Court has subject matter jurisdiction over Counts I, II, and III of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these counts present a Federal question under the following provisions of the United States Code:

   a.  Count I (Trademark Infringement) - 15 U.S.C. § 1114;

   b.  Counts II (Federal False Designation of Origin and Federal Unfair Competition) - 15 U.S.C. § 1125(a);

   c.  Count III (Federal Trademark Dilution) – 15 U.S.C. § 1125(c);

10.     This Court has supplemental jurisdiction over Skullcandy' state law claims, Counts IV, V, and VI pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

11.     This Court has personal jurisdiction over Defendant because, among other things, Defendant transacts business in Utah, contracts to supply goods in Utah, has expressly aimed tortious activities toward Utah, and has caused tortious injury by its acts in Utah. On information and belief and Skullcandy's investigation, Defendant ships, offers to ship, and/or contracts to ship products with its infringing mark throughout the United States and to consumers located in this judicial district. By distributing and selling, and offering to sell its infringing products in Utah and this judicial district, Defendant purposefully directs its infringing activities at this forum that cause harmful effects in this district and that relate to and give rise to the claims alleged in this Complaint.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Skullcandy' claims occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

## Background Facts

### Skullcandy's Famous SKULLCANDY Marks

13.     Skullcandy is a leading designer, manufacturer and provider of audio and gaming products and related accessories and software including portable speakers, headphones, headsets, earphones, portable power banks and earbuds, which are marketed, offered and sold in United States interstate commerce (collectively, the "Skullcandy Products"). Since at least as early as 2003, Skullcandy has continuously and extensively used its SKULLCANDY mark as well as its Skull Logo mark and SKULLCANDY and Skull Design mark pictured below in United States interstate commerce to distinguish its products from those offered by others:

 

14.     Skullcandy manufactures and sells the Skullcandy Products under the SKULLCANDY mark, Skull Logo, SKULL-formative marks, and combinations of these marks (collectively, the "SKULLCANDY Marks") throughout the United States, including in its Park City store and retail stores in the District of Utah as well as through online retailers including but not limited to Amazon.com, Bestbuy.com, and Walmart.com. Skullcandy also markets and sells the Skullcandy Products under the SKULLCANDY Marks throughout the United States via Skullcandy's website http://www.skullcandy.com.

15.     In addition, Skullcandy heavily markets the Skullcandy Products under the SKULLCANDY Marks on social media platforms including the following:

Instagram: https://www.instagram.com/skullcandy

Facebook: https://www.facebook.com/skullcandy

X: https://twitter.com/skullcandy

YouTube: https://www.instagram.com/skullcandy

16.     Skullcandy has invested substantial resources developing, advertising, promoting and marketing the Skullcandy Products under the SKULLCANDY Marks throughout the United States and establishing these Products in the minds of consumers as high quality products offered by Skullcandy. As a result, and in addition to its registered rights described below, Skullcandy enjoys extremely strong common law trademark rights in the SKULLCANDY Marks, embodying invaluable goodwill.

17.     Skullcandy prominently uses the SKULLCANDY Marks directly on packaging for the Skullcandy Products, in nationwide advertising and/or promotional materials for the Products, including but not limited to, television, print advertisements, and the Internet.

18.     The SKULLCANDY Marks are inherently distinctive. Additionally, the SKULLCANDY Marks have become favorably known among consumers as used in connection with the Skullcandy Products, have become a valuable symbol of the source of products bearing the SKULLCANDY Marks of the high quality of products bearing the Marks and of the goodwill associated with the Marks.

19.     Skullcandy uses the SKULLCANDY Marks in connection with virtually all of its advertising, promotions, marketing, and upon all of its products and product packaging throughout the United States and worldwide.

20.     As a result of Skullcandy's extensive investment in the SKULLCANDY Marks, as well as widespread publicity and recognition, Skullcandy owns strong common law trademark rights in the SKULLCANDY Marks, embodying very valuable goodwill, and the SKULLCANDY Marks are exceedingly strong, based on inherent distinctiveness and commercial strength. Skullcandy's SKULLCANDY mark, Skull Logo, and SKULLCANDY AND Skull Design mark became famous under Section 43(c) of the Lanham Act, U.S.C. § 1125(c), well prior to Defendant's use of Defendant's Marks (as defined below).

21.     In addition to its strong common law rights in the SKULLCANDY Marks, Skullcandy owns the following longstanding United States federal trademark registrations for the Marks (collectively, the "Registered SKULLCANDY Marks"):

| Mark | Reg. No. & Date | Goods/Services |
|---|---|---|
| **SKULLCANDY** | 3168695 11/7/2006 | Class 35: Devices for hands-free use of mobile phones; Earphones; Headphones |

| Mark | Reg. No. & Date | Goods/Services |
|---|---|---|
|  | 3168754 11/7/2006 | Class 9: Devices for hands-free use of mobile phones; Earphones; Headphones |
| **SKULLCANDY** | 3726304 12/15/2009 | Class 35: Retail store services, kiosks and online retail store services featuring devices for hands-free use of mobile phones, earphones, headphones, portable listening devices, namely, earphones, and headphones, sacks or bags, namely, backpacks, messenger bags, all purpose sports and athletic bags, clothing and headwear, namely, t-shirts, sweatshirts, * and * hats |
| **SKULLCANDY** | 4622094 10/14/2014 | Class 9: Audio speakers; portable speakers; speaker docks; dock speakers for mobile audio players; headsets for use with computers; audio equipment for use in connection with helmets, namely, speakers, headphones, earphones, and microphones that can be attached to or integrated into a helmet; cases for mobile phones and cell phones

Class 25: Clothing, namely, jackets; outerwear, namely, coats, sweatshirts; socks; footwear

Class 28: Headsets for use with game consoles and video games; audio and visual headsets for use in playing video games; gaming headsets adapted for use in playing video games

Class 42: Custom design of products based on personal selections made by consumers, namely, devices for hands-free use of mobile phones, earphones, headphones, portable speakers, headsets for use with computers, game consoles and video games; custom design of products, namely, devices for hands-free use of mobile phones, earphones, headphones, portable speakers, headsets for use with computers, game consoles and video games based on personal selections made by consumers through the temporary use of a web-based software application |

| Mark | Reg. No. & Date | Goods/Services |
|---|---|---|
|  | 4622095<br>10/14/2014 | **Class 9:** Audio speakers; portable speakers; speaker docks; dock speakers for mobile audio players; headsets for use with computers; audio equipment for use in connection with helmets, namely, speakers, headphones, earphones, and microphones that can be attached to or integrated into a helmet; cases for mobile phones and cell phones<br><br>**Class 25:** Clothing, namely, jackets; outerwear, namely, coats, sweatshirts; socks; footwear<br><br>**Class 28:** Headsets for use with game consoles and video games; audio and visual headsets for use in playing video games; gaming headsets adapted for use in playing video games<br><br>**Class 42:** Custom design of products based on personal selections made by consumers, namely, [devices for hands-free use of mobile phones,] earphones, headphones, portable speakers [, headsets for use with computers, game consoles and video games; custom design of products, namely, devices for hands-free use of mobile phones, earphones, headphones, portable speakers, headsets for use with computers, game consoles and video games based on personal selections made by consumers through the temporary use of a web-based software application] |
|  | 4724446<br>4/21/2015 | **Class 35:** Retail store services, kiosks and online retail store services featuring devices for hands-free use of mobile phones, digital audio players, earphones, headphones, covers for portable media players, digital phones, earphones, and headphones, sacks or bags, namely, backpacks, clothing and headwear, namely, T-shirts, sweatshirts, hats, jackets, and outerwear |
| **SKULLCANDY** | 5166615<br>3/21/2017 | **Class 28:** Gaming peripherals or accessories for computer games, namely, game controller adapters and game controller adapters having an audio output port and an audio input port |
| | 5166616<br>3/21/2017 | **Class 28:** Gaming peripherals or accessories for computer games, namely, game controller adapters and game controller adapters having an audio output port and an audio input port |

| Mark | Reg. No. & Date | Goods/Services |
|---|---|---|
|  | | |
| **SKULLCANDY ICON** | 5844624 8/27/2019 | Class 9: Earphones and headphones |
| **SKULLCANDY RIFF** | 5844670 8/27/2019 | Class 9: Earphones and headphones |
|  | 5974046 1/28/2020 | Class 9: Battery packs; Auxiliary battery packs; Battery chargers; Wireless chargers |
| **SKULL-IQ** | 6655420 2/22/2022 | Class 9: Downloadable and recorded computer operating system software; Downloadable mobile data communications software to process voice commands; Remote control apparatuses, namely, remote control apparatuses in the nature of a remote control for earphones, headphones, computers, internet services, mobile electronic devices, wearable electronic devices, audio and video players and recorders; Apparatus for voice recording, voice printing, and voice recognition; Wireless communication devices for the transmission of voice, data, and audio content; Electronic voice command and recognition apparatus in the nature of headphones and earphones with remote controls for controlling computers, internet services, applications, mobile electronic devices, wearable electronic devices, audio and video players and recorders; Electronic devices providing mobile GPS navigation through 3D audio spatialization; Downloadable and recorded software application featuring mobile navigation through 3D audio spatialization; 3D audio speakers; Biometric sensors for scientific use to collect and track health data and activity; Biometric sensors for scientific use to identify individuals; Downloadable and recorded computer software for monitoring, measuring, storing, analyzing, and communicating exercise information, activity information and personal information; Downloadable and recorded |

| Mark | Reg. No. & Date | Goods/Services |
|---|---|---|
| | | software application for voice recording, voice printing and voice recognition; Downloadable and recorded computer software for encryption and security features; Downloadable and recorded software that uses artificial intelligence to hear and interpret data, to connect with hardware and software, and to store, manage and process data in the cloud |
| **SKULL-HQ** | 7050646 5/9/2024 | Class 9: Downloadable computer software for controlling and optimizing gaming headsets, headphones and earphones |
| **SKULL-HQ** | 7381690 5/7/2024 | Class 9: Downloadable computer software for controlling and optimizing computer peripherals in the nature of headsets and game controllers for computer games |
|  | 6791432 7/12/2022 | Class 9: Downloadable and recorded computer operating system software sold as a component feature of headphones and earphones; Computer memory devices sold as a component feature of headphones and earphones; Downloadable mobile data communications software to process voice commands sold as a component feature of headphones and earphones; Remote control apparatuses, namely, remote control apparatuses in the nature of a remote control for earphones, headphones, computers, internet services, mobile electronic devices, wearable electronic devices, audio and video players and recorders sold as a component feature of headphones and earphones; Apparatus for voice recording, voice printing, and voice recognition; Wireless communication devices for the transmission of voice, data, and audio content; Electronic voice command and recognition apparatus sold as a component feature of headphones and earphones with remote controls for controlling computers, internet services, applications, mobile electronic devices, wearable electronic devices, audio and video players and recorders; Electronic devices providing mobile navigation through 3D audio spatialization; Downloadable and recorded software application featuring mobile navigation through 3D audio spatialization sold as a component feature of headphones and earphones; 3D audio speakers; Biometric sensors for scientific use to collect and track health data and activity sold as a component feature of headphones and earphones; Biometric sensors for scientific use to identify individuals sold as a component feature of headphones and earphones; Downloadable and recorded computer software for |

9

| Mark | Reg. No. & Date | Goods/Services |
|---|---|---|
| | | monitoring, measuring, storing, analyzing, and communicating exercise information, activity information and personal information sold as a component feature of headphones and earphones; Downloadable and recorded software application for voice recording, voice printing and voice recognition sold as a component feature of headphones and earphones; Downloadable and recorded computer software for encryption and security features sold as a component feature of headphones and earphones; Downloadable and recorded software that uses artificial intelligence to hear and interpret data, to connect with hardware and software, and to store, manage and process data in the cloud sold as a component feature of headphones and earphones |
|  | 6791433 7/12/2022 | Class 9: Downloadable and recorded computer operating system software sold as a component feature of headphones and earphones; Computer memory devices sold as a component feature of headphones and earphones; Downloadable mobile data communications software to process voice commands sold as a component feature of headphones and earphones; Remote control apparatuses, namely, remote control apparatuses in the nature of a remote control for earphones, headphones, computers, internet services, mobile electronic devices, wearable electronic devices, audio and video players and recorders sold as a component feature of headphones and earphones; Apparatus for voice recording, voice printing, and voice recognition; Wireless communication devices for the transmission of voice, data, and audio content; Electronic voice command and recognition apparatus sold as a component feature of headphones and earphones with remote controls for controlling computers, internet services, applications, mobile electronic devices, wearable electronic devices, audio and video players and recorders; Electronic devices providing mobile navigation through 3D audio spatialization; Downloadable and recorded software application featuring mobile navigation through 3D audio spatialization sold as a component feature of headphones and earphones; 3D audio speakers; Biometric sensors for scientific use to collect and track health data and activity sold as a component feature of headphones and earphones; Biometric sensors for scientific use to identify individuals sold as a component feature of headphones and earphones; |

| Mark | Reg. No. & Date | Goods/Services |
|---|---|---|
| | | Downloadable and recorded computer software for monitoring, measuring, storing, analyzing, and communicating exercise information, activity information and personal feature sold as a component feature of headphones and earphones; Downloadable and recorded software application for voice recording, voice printing and voice recognition sold as a component feature of headphones and earphones; Downloadable and recorded computer software for encryption and security features sold as a component feature of headphones and earphones; Downloadable and recorded software that uses artificial intelligence to hear and interpret data, to connect with hardware and software, and to store, manage and process data in the cloud sold as a component feature of headphones and earphones |
| Skullcandy | 7531438 10/8/2024 | Class 9: musical sound recordings, audiovisual recordings featuring music, video recordings featuring music and musical artists; earphones; headphones; earbuds; headsets; portable speakers; battery chargers; wireless chargers; battery packs; auxiliary battery packs; gaming headsets for use in playing video games<br><br>Class 25: t-shirts, jackets, sweatshirts and hats<br><br>Class 38: streaming of audio and video of live musical concert events on the Internet<br><br>Class 41: entertainment services, namely, providing information relating to music, music artists, music events and entertainment via the Internet and mobile applications; entertainment services, namely, providing video podcasts of interviews in the fields of music, art, celebrity culture and athletics |

22.    These registrations are valid, subsisting, and in full force and effect. True and correct copies of documents retrieved from the USPTO's online TSDR database evidencing the current status and Skullcandy's ownership of these registrations are attached hereto as **Exhibit A**.

23.     Notably, Registration Nos. 3168695, 3168754, 3726304, 4622094, 4622095, 4724446, 5166615, and 5166616 have achieved incontestable status pursuant to 15 U.S.C. § 1065. Accordingly, these registrations serve as conclusive evidence of the validity of the registered marks, Skullcandy's ownership of the registered marks, and Skullcandy's exclusive right to use the registered marks in United States commerce in connection with the recited goods and services. 15 U.S.C. § 1115(b).

24.     Skullcandy is entitled to a presumption of nationwide exclusive rights to use the marks in its registrations dating back to the registration SKULLCANDY date of each referenced registration, which in the case of United States Trademark Registration Nos. 3168695 and 3168754 is November 7, 2006. 15 U.S.C. §§ 1057(b) and 1072.

### Defendant's Infringing Acts

25.     Upon information and belief, notwithstanding Skullcandy's nationwide prior rights in the SKULLCANDY Marks, Defendant adopted and began selling and marketing audio and gaming products under the NUMSKULL mark, a Skull Logo, and the NUMSKULL and Skull Design mark pictured below the combines the two marks (collectively, "Defendant's Marks") that is confusingly similar to the SKULLCANDY Marks:



26.     Upon information and belief, Defendant contracts and works with third-parties to

sell, market and distribute its audio and gaming products under Defendant's Marks throughout the United States, including in Utah, and consumers can purchase Defendant's audio and gaming products sold under Defendant's Marks in several United States retailers including Amazon, Gamestop, Hot Topic, FYE, Best Buy, Walmart, BAM, Big Bad Toy Store, and Spirit of Halloween. Representative photos of Defendant's products bearing Defendant's Marks are attached hereto as **Exhibit B**.

27.     In addition, consumers in the United States, including in Utah, can purchase and have purchased Defendant's audio and gaming products directly through Defendant's interactive www.numskull.com website. Upon information and belief, Defendant contracts and works with its related company Yellow Bulldog Ltd, which does business under the name Just Geek through the interactive website www.justgeek.com and is Defendant's "Official Numskull Retail Partner," to fulfill and deliver orders made through Defendant's website to consumers in the United States, including in Utah. Printouts from Defendant's www.numskull.com website and the www.justgeek .com website demonstrating the purchase process through Defendant's website are attached hereto as **Exhibit C**.

28.     Defendant markets and sells its audio and gaming products under Defendant's Marks in trade channels that are the same as Skullcandy's, or that are highly similar thereto, and to consumers that are identical to or that overlap with Skullcandy's consumers.

29.     Upon information and belief, Defendant is using Defendant's Marks with actual and constructive knowledge of Skullcandy's SKULLCANDY Marks, and with an intent to capitalize on Skullcandy's reputation and goodwill, to confuse and deceive consumers, and to unfairly compete with Skullcandy.

30.     Skullcandy has never authorized, licensed, or otherwise endorsed Defendant and/or Defendant's use of Defendant's Mark.

31.     Notwithstanding Skullcandy's longstanding prior common law and registered rights in and to the SKULLCANDY Marks, on February 16, 2021, Defendant filed an application with the United States Patent and Trademark Office (the "USPTO") to register Defendant's NUMSKULL and Skull Design Mark for the following goods, which includes several audio and gaming goods and related goods (Ser. No. 79314209) ("Defendant's Application").

**Class 9:** Downloadable games software; recorded game software; recorded video game software; recorded video game programs; downloadable video game software; recorded video games software; bags adapted to carry video apparatus, namely video cameras, amusement apparatus incorporating a video monitor, recorded video games software and controllers for game consoles; computer games programs downloaded via the internet; recorded computer games programs; downloadable computer games software; recorded computer games software; downloadable video game computer programs; recorded video game computer programs; video game cartridges; eye glasses; optical glasses; spectacles; gaming glasses, namely smart glasses, virtual reality glasses, anti-glare glasses, and sports glasses; electrical cables for use in connections; cables for electrical or optical signal transmission; electric cables for the transmission of sounds and images; electric charging cables; battery charge devices; battery chargers; battery charging docks; wireless battery chargers; wireless charging pads for smartphones and tablet PCs; wireless charging stands for smartphones and tablet PCs; blank digital recording discs; blank digital audio tapes; blank digital storage media; computers and computer peripheral devices; blank CDs; blank DVDs; recorded computer game programs, cartridges, and cassettes; recorded real-time strategy (RTS) video game software; recorded player versus player (PvP) video game software; recorded computer gaming software for recreational game playing purposes; compact disk storage wallets; DVD storage wallets; remote controls for radios, televisions, stereos, excluding gaming apparatus; magnets; protective cases and covers for mobile phones, tablets; bags adapted for lap tops; lanyards for mobile phones

**Class 11:** Lighting apparatus, namely, lighting installations; lamps; table lamps; desk lamps; neon lamps for illumination; LED lighting fixtures; Christmas lights, namely, lights, electric, for Christmas trees, outdoor lighted Christmas-themed ornaments, not Christmas tree decorations

**Class 16:** Paper and cardboard; printed matter, namely, advent calendars; printed matter, namely, paper signs, books, manuals, curricula, newsletters, informational cards and brochures in the field of video games, cartoons, comic strips, movies, television, music, sports, art and cooking; printed notebooks; bookbinding material, namely, bookbinding covers; printed photographs; stationery; office stationery; office paper stationery; printed

stationery; adhesives for stationery or household purposes; writing pens, artists' pens, artists' pencils, artists' pastels, artists' brushes; paintbrushes; printed instructional and teaching materials in the field of video games, cartoons, comic strips, movies, television, music, sports, art and cooking; plastic sheets, films and bags for wrapping and packaging; printers' type, printing blocks; stickers, transfers, printed posters, paper notebooks and blank writing journals

**Class 20:** Statues, figurines, works of art, 3D ornaments, inflatable figures for use as outdoor holiday decorations, soft sculpture wall decorations, plush figures for use as outdoor holiday decorations, made of plastic or wood included in this class; outdoor holiday decorations made of clear or translucent PVC or polypropylene die cut forms having holiday themed shapes and icons; plastic storage boxes; toy organizers comprised of shelves and removable storage bins sold as a unit; coat hooks, namely plastic coat hooks; split rings, not of metal, for keys

**Class 21:** Statues, figurines, plaques and works of art made of glass; gardening articles, namely, gloves, garden gnome figurines made of porcelain, of glass or of earthenware; coffee services in the nature of tableware, tea services in the nature of tableware, cookware, namely, steamers, roasting pans, and cookware for use in microwave ovens; household containers for foods; containers for household use; all purpose portable household containers; drinking glasses, drinking vessels and barware, namely, seltzer bottles; coin banks; cups, mugs, plastic drink coasters; bottle openers, plastic coasters, coasters, not of paper or textile, cookie jars, incense burners, glass, earthenware, or porcelain statuettes

**Class 26:** Badges for wear, namely ornamental novelty badges; purse charms, charms for shoes, decorative backpack charms, cellular phone accessory charms, clothing accessories, namely, charms for attachment to zipper pulls and buttons, charms for attachment to face masks, not for jewellery, keys, rings, or chains

**Class 28:** Plush toys, board games, card games, video game consoles, hand-held units for playing electronic games for use with external display screen or monitor, apparatus for electronic games other than those adapted for use with an external display screen or monitor, amusement game machines, portable handheld game consoles incorporating telecommunication functions; portable games with liquid crystal displays; playthings, namely, beanbags, face masks, paper face masks, and puppet theatres, and novelties, namely novelty toys for playing jokes, novelty plush toys for parties, novelty toy face masks, electronic novelty toys, namely, toys that electronically record, play back, and distort or manipulate voices and sounds, toy foam novelty items, namely, foam fingers and hands, novelty costume masks; gaming apparatus, namely, controllers for game consoles, video game interactive remote control units, video game interactive control floor pads or mats; video game apparatus, namely, video game machines, arcade video game machines, home video game machines; gaming headsets adapted for use in playing video games; gaming mice adapted for use in playing video games; gaming keypads adapted for use in playing video games; video game joysticks; role playing games; hand-held consoles for playing video games; hand-held consoles for playing computer games; arcade game machines; miniature arcade game machines; game tables; interactive gaming chairs

specifically adapted for computer gaming consoles for playing video games; plush toys; toys presented in an advent calendar, namely, toy construction blocks, scale model kits, scale model vehicles, model toy vehicles, toy models, toy figures, puzzles, and positionable wooden and plastic figures for use in wooden and plastic puzzles, sold with advent calendars as a set; games presented in an advent calendar, namely, board games, card games, playing cards, hand-held, non-electronic skill games, parlour games, tabletop games, and party games, sold with advent calendars as a set; Christmas tree decorations and artificial Christmas trees; Christmas tree ornaments; snow globes

32.     On April 12, 2023, Skullcandy timely filed with the Trademark Trial and Appeal Board of the USPTO a Notice of Opposition against Defendant's Application on the grounds that registration of Defendant's NUMSKULL and Skull Design Mark is likely to cause confusion with and dilute Skullcandy's SKULLCANDY Marks.

33.     Upon information and belief, Defendant's use of Defendant's Marks in connection with the sale and marketing of Defendant's audio and gaming products in United States commerce, including in Utah, has caused, and is likely to cause, confusion, mistake, and deception among the relevant purchasing public. Consumers and the trade will likely believe that Defendant's audio and gaming products are associated with, or connected with, or approved or authorized by Skullcandy, or that Defendant's audio and gaming products originate from the same source as Skullcandy's products, when that is not the case.

34.     Registration of Defendant's NUMSKULL and Skull Design Mark is likely to cause, confusion, mistake, and deception among the relevant purchasing public. Consumers and the trade will likely believe that Defendant's products are associated with, or connected with, or approved or authorized by Skullcandy, or that Defendant's products originate from the same source as Skullcandy's products, when that is not the case.

35.     Any confusion caused by Defendant's use and/or registration of Defendant's Marks would result in injury or have a direct impact on Skullcandy's reputation and its ability to market its own products under the SKULLCANDY Marks.

16

36.    In addition, any defect, objection, or fault found with the audio and gaming products Defendant offers under Defendant's Marks would negatively impact and seriously injure the reputation and goodwill Skullcandy has established for itself and its products through its use of its SKULLCANDY Marks.

37.    Upon information and belief, Defendant's use of Defendant's Marks in interstate commerce has caused and is likely to cause dilution of Skullcandy's famous SKULLCANDY, Skull Logo, and SKULLCANDY and Skull Design mark, by lessening the capacity of the SKULLCANDY mark to identify and distinguish Skullcandy's goods and by harming the reputation of the SKULLCANDY mark, Skull Logo, and SKULLCANDY and Skull Design mark, all to Skullcandy's detriment.

38.    Furthermore, registration of Defendant's NUMSKULL and Skull Design Mark is likely to cause dilution of Skullcandy's famous SKULLCANDY mark, Skull Logo, and SKULLCANDY and Skull Design mark by lessening the capacity of the SKULLCANDY mark to identify and distinguish Skullcandy's goods and by harming the reputation of the SKULLCANDY mark, all to Skullcandy's detriment.

39.    All of the foregoing acts of Defendant have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage for which Skullcandy has no adequate remedy at law. Defendant has knowingly and willfully used and continues to use Defendant's Marks in connection with the advertisement, distribution, offering for sale, and sale of its Defendant's audio and gaming products with an intent to capitalize on the reputation and goodwill of Skullcandy and the SKULLCANDY Marks, to confuse and deceive consumers, and to unfairly compete with Skullcandy.

## COUNT I

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
15 U.S.C. § 1114**

40.     Skullcandy repeats the allegations in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Defendant, without the consent or authorization of Skullcandy, has used and is using, in interstate commerce, Defendant's Marks, which are nearly identical and confusingly similar to Skullcandy's prior Registered SKULLCANDY Marks in connection with audio and gaming products that are identical and highly related to the Skullcandy Products that Skullcandy sells and markets under the Registered SKULLCANDY Marks, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and of Defendant's audio and gaming goods, with Skullcandy, or as to the origin, sponsorship, or approval of Defendant's audio and gaming goods.

42.     The goodwill of Skullcandy's Registered SKULLCANDY Marks is of significant value, and Skullcandy is suffering, and will continue to suffer, irreparable harm should Defendant continue its unauthorized offering of its audio and gaming products under Defendant's Marks.

43.     The acts of Defendant in its unauthorized use of Defendant's Marks in connection with audio and gaming products are intended to, and will, divert to Defendant, the benefit of the reputation and goodwill symbolized by Skullcandy's Registered SKULLCANDY Marks, all of which belong exclusively to Skullcandy.

44.     Defendant's acts constitute infringement of Skullcandy's Registered SKULLCANDY Marks under 15 U.S.C. § 1114(1).

45.     Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Skullcandy's rights.

46.     As a result of Defendant's acts of trademark infringement, Skullcandy is suffering irreparable harm.

47.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to Skullcandy.

48.     Skullcandy is entitled to a permanent injunction against Defendant, as well as an award of any and all damages, costs, and/or attorney fees permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN AND
### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

49.     Skullcandy repeats the allegations in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50.     By making unauthorized use in interstate commerce of Defendant's Marks, which is nearly identical and confusingly similar to Skullcandy' SKULLCANDY Marks, on and in connection with audio and gaming products, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and Defendant's products with Skullcandy, or as to the origin, sponsorship or approval of Defendant's products.

51.     Defendant's acts constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

52.     Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Skullcandy' prior rights in its SKULLCANDY Marks.

53.     As a result of Defendant's acts of false designation of origin and unfair competition,

Skullcandy is suffering irreparable harm.

## COUNT III

### TRADEMARK DILUTION OF BLURRING AND TARNISHMENT
### 15 U.S.C. § 1125 (C)

54.     Skullcandy incorporates the allegations set forth in Paragraphs 1 through 53 above as if fully set forth here.

55.     Skullcandy's SKULLCANDY mark, Skull Logo, and SKULLCANDY and Skull Design mark are famous and distinctive throughout the United States including among consumers, the trade, and the general public in the State of Utah and in this Judicial District, and were famous long before Defendant commenced its unlawful use of Defendant's Marks on and in connection with audio and gaming products.

56.     The foregoing acts of Defendant have caused, and will continue to cause, irreparable dilution of the distinctive quality of Skullcandy's SKULLCANDY mark, Skull Logo, and SKULLCANDY and Skull Design mark and are intended to undermine the uniqueness and distinctiveness of the SKULLCANDY mark, Skull Logo, and SKULLCANDY and Skull Design mark, constituting dilution by blurring of the marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

57.     The foregoing acts of Defendant have also caused, and will continue to cause, a reduction in value of Skullcandy's SKULLCANDY mark, Skull Logo, and SKULLCANDY and Skull Design mark because the public will wrongly associate the lack of quality and/or prestige of Defendant's audio and gaming products with Skullcandy, constituting dilution by tarnishment of the SKULLCANDY mark, Skull Logo, and SKULLCANDY and Skull Design mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58.     Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

59.     Defendant's actions have caused and continue to cause irreparable harm and damage to Skullcandy, for which Skullcandy has no adequate remedy at law. Unless enjoined by this Court, Defendant will continue their wrongful actions, further injuring Skullcandy and confusing the public.

**COUNT IV**

**COMMON LAW UNFAIR COMPETITION**

60.     Skullcandy incorporates the allegations set forth in Paragraphs 1 through 59 above as if fully set forth here.

61.     By way of its extensive use and promotion of the SKULLCANDY Marks in connection with its product, Skullcandy has established extensive trademark rights in the marks nationwide including in Utah.

62.     By making and selling in commerce audio and gaming products under Defendant's Marks, Defendant is creating a likelihood of confusion, mistake, or deception as to the source, origin, or sponsorship of its products. Defendant's use of Defendant's Marks in connection with Defendant's audio and gaming products is likely to induce consumers to mistakenly believe that Defendant's products are affiliated, sponsored, sold, approved by, or connected with Skullcandy.

63.     Defendant's conduct has been intentional and undertaken for the purpose of deceiving consumers into believing that its goods are associated with Skullcandy. Defendant has acted with full knowledge of the deceptiveness of its conduct and harm to Skullcandy' business.

64.     Defendant's conduct constitutes unfair competition under the common law of the State of Utah.

65.     Defendant's acts of unfair competition are causing Skullcandy to suffer irreparable harm, for which it has no adequate remedy at law. Unless and until Defendant is enjoined, Defendant will continue to compete unfairly against and cause irreparable harm to Skullcandy.

## COUNT V

## UNFAIR COMPETITION UNDER UTAH CODE § 13-5a-101 et seq.

66.     Skullcandy incorporates the allegations set forth in Paragraphs 1 through 65 above as if fully set forth here.

67.     Defendants' use of Defendant's Marks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of Skullcandy products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, approved, or otherwise connected with Skullcandy when, in fact, they are not.

68.     Defendant's actions described herein constitute unfair competition in violation of Utah law, including in particular the Unfair Competition Act, Utah Code § 13-5a101 et seq.

69.     Defendant's conduct has been intentional and undertaken for the purpose of deceiving consumers into believing that its goods are associated with Skullcandy. Defendant has acted with full knowledge of the deceptiveness of its conduct and harm to Skullcandy' business.

70.     Defendant's acts of unfair competition are causing Skullcandy to suffer irreparable harm, for which it has no adequate remedy at law. Unless and until Defendant is enjoined, Defendant will continue to compete unfairly against and cause irreparable harm to Skullcandy.

<u>**COUNT VI**</u>

**VIOLATION OF UTAH'S DECEPTIVE TRADE PRACTICES ACT
UNDER UTAH CODE § 13-11a-1 et seq.**

71.     Skullcandy repeats the allegations in Paragraphs 1 through 70 of this Complaint as though fully set forth herein.

72.     By making and selling in commerce audio and gaming products under Defendant's Marks, which is confusingly similar to Skullcandy's SKULLCANDY marks, Defendant is engaging in deceptive trade practices in violation of Utah's Deceptive Trade Practices under Utah Code § 13-11a-1 et seq. Among other things, Defendant is intentionally causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's audio and gaming products sold under Defendant's Marks and as to the affiliation, connection, or association between those products and Skullcandy.

73.     Defendant willfully engaged in these unfair trade practices knowing them to be deceptive.

74.     Defendant's deceptive trade practices also have caused or are likely to cause damage to Skullcandy' business reputation and Skullcandy' goodwill, and unless restrained and enjoined, will continue to irreparably impair their reputation and goodwill for which there is no adequate remedy at law.

**Jury Demand**

75.     Skullcandy demands a trial by jury on all matters and issues triable by a jury.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Skullcandy prays that the Court enter Judgment finding, concluding, and declaring:

A.     That Defendant's use of Defendant's Marks on and in connection with audio and

gaming products constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), and unfair competition, and deceptive trade practices under Utah law;

B.     That Defendant and its owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, be permanently enjoined from:

1.     Using Defendant's Marks, including all formative variations, or any other names, marks or slogans in connection with audio and gaming products likely to cause confusion, mistake or deception with respect to Skullcandy' SKULLCANDY Marks;

2.     Doing any other act or thing likely to induce the mistaken belief that Defendant or Defendant's goods are in any way affiliated, connected, or associated with Skullcandy or its goods, or doing any other act or thing likely to cause confusion with respect to Skullcandy' marks;

3.     Trading on the goodwill associated with Skullcandy's SKULLCANDY Marks and passing off its goods as those of Skullcandy; and

4.     Injuring Skullcandy' business reputation and the goodwill associated with Skullcandy's SKULLCANDY Marks and from otherwise unfairly competing with Skullcandy in any manner whatsoever.

C.     That Defendant be ordered to expressly abandon its application to register Defendant's NUMSKULL and Skull Design Mark, United States application Ser. No. 79314209.

D.     That Defendant be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays,

catalogs, and all other matter in the custody or under the control of Defendant bearing and/or displaying Defendant's Marks and/or any marks that are confusingly similar to Skullcandy's SKULLCANDY Marks related to audio and/or gaming goods;

E.     That Defendant be ordered to recall from all customers, vendors, sales people, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, and all other matter bearing Defendant's Marks related to audio and/or gaming products;

F.     That Defendant be ordered to notify all customers, vendors, sales people, and authorized agents of this Judgment;

G.     That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with this Court and to serve on Skullcandy, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H.     That Defendant be directed to provide a complete accounting to Skullcandy for any and all profits realized from the sale of audio and gaming products bearing Defendant's Marks from inception up through the date of the injunction;

I.     That Skullcandy be awarded its actual compensatory damages, including but not limited to, Defendant's profits and Skullcandy' damages, in an amount to be determined at trial;

J.     That Defendant be ordered to pay treble damages pursuant to 15 U.S.C. § 1117 for its knowing, intentional, and willful violations of federal law;

K.     That Skullcandy be awarded all reasonable attorneys' fees, costs and disbursements incurred by Skullcandy as a result of this action, pursuant to 15 U.S.C. § 1117(a);

L.     That Skullcandy be awarded all damages available under Utah law; and

25

M.    That Skullcandy be awarded any such other and further relief as this Court deems

just and proper.

Respectfully submitted,

**SKULLCANDY, INC.**

Date: <u>October 31, 2024</u>                    By: <u>*/s/ Ryan Marshall*</u>
Ryan Marshall
BARNES & THORNBURG LLP
299 S. Main Street
Suite 1825
Salt Lake City, UT 84111
Telephone: (801) 817-9810
Facsimile: (801) 817-9811
Email: Ryan.Marshall@btlaw.com

Christopher M. Dolan (pro hac vice forthcoming)
Joshua S. Frick (pro hac vice forthcoming)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: (312) 357-1313
Email: cdolan@btlaw.com
Email: joshua.frick@btlaw.com

Attorneys for Skullcandy, Inc.